Ross F. Twichell and Martha Twichell, Appellees, v. J. W. Robinson, Appellant.

Gen. No. 44,411.

Opinion filed June 14, 1948. Rehearing denied June 25, 1948. Released for publication June 28, 1948.

JULIUS S. NEALE, of Chicago, for appellant; WILLIAM H. HAIGHT and WALTER E. Moss, both of Chicago, of counsel.

McMAHON, FINN & PLUNKETT, of Chicago, for appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs brought this forcible detainer action on October 6, 1947, in the Municipal Court of Evanston, to recover possession of the premises described as 1708 Ridge avenue, Evanston, Cook county, Illinois.

Upon a hearing, a finding was entered in favor of plaintiffs, and after motions for new trial and in arrest of judgment were denied, judgment was entered upon the finding, from which defendant appeals.

Plaintiffs executed a lease dated April 30, 1945, to the defendant for the premises in question, for a term commencing May 1, 1945, and expiring April 30, 1946, "to be occupied as a rooming house." At the time the lease was executed there was a zoning ordinance in the City of Evanston in full force and effect, which restricted the use of the premises in question to a single family dwelling, in Class "A," created by said ordinance. Class "C," in said ordinance, permits the use of a building for boarding and lodging house purposes as well as for nursing homes and hospitals.

Plaintiffs served a notice of termination of the tenancy, dated August 28, 1947, effective September 30, 1947, which also demanded possession. Plaintiffs' theory is, that when the lease was executed, which provided for the occupancy of the premises in question for a rooming house, it was in violation of the zoning ordinance of Evanston and, therefore, invalid, and that since the defendant had been occupying said premises during the term of the lease and up to the time of the filing of the suit, as a rooming house, they were making illegal use of the premises; that even if the parties be considered in *pari delicto,* plaintiffs have a right to insist upon the illegality of the lease, and their right to possession would not be dependent upon the lease itself.

On September 8, 1947, the City Council of Evanston passed an ordinance authorizing a variation of the classification of the premises in question and granted permission to use the premises "for the conduct of a convalescent home." This reclassification placed the premises in Class "C" of said zoning ordinance. Having thus reclassified the property, it thereby removed any previous illegality of the use of said premises as

a rooming house, since Class "C" also permits the building to be used for a rooming house.

Defendant, at the expiration of the term in the lease, held over, and during the term of the lease and the hold over period, plaintiffs, with full knowledge, permitted defendant to use said building as a rooming house.

It would be abhorent to every instinct of fairness and equity to allow plaintiffs to take advantage of a lease created by them, and now claimed by them to be illegal because the authorized use of the premises was in violation of the zoning ordinance, when it now appears that before the effective date of the termination notice, the use of the premises by defendant became legal because of the reclassification.

The language of Lord MANSFIELD, quoted in *Hoefeld v. Ozello,* 290 Ill. 147, is quite in point:

"The objection that a contract is immoral or illegal as between the plaintiff and defendant sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed, but it is founded on general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff."

The reclassification changed the public policy of the City of Evanston with respect to the use of the premises in question. We conclude that plaintiffs had no right to terminate the hold over tenancy of defendant, and that the judgment should have been for the defendant.

The judgment of the Municipal Court of Evanston is reversed.

*Reversed.*

NIEMEYER, P. J., concurs.